UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KATHERINE A. BECCARINO,     MEMORANDUM AND ORDER

    Plaintiff,          CV 08-1090

   -against-          (Wexler, J.)

JAN SZADURA AND WEBSTER
TRUCKING CORP.,

    Defendants.
----------------------------------------------------------X
APPEARANCES:

  Gruenberg & Kelly, PC
  By: Sean Patrick Kelly, Esq.
  3275 Veterans Highway B-9
  Ronkonkoma, NY 11779
  Attorneys for Plaintiff

  Rawle & Henderson LLP
  By: Jeffrey A. Segal. Esq.
  140 Broadway, Suite 4636
  46th Floor
  New York, NY 10005
  Attorneys for Defendants

WEXLER, District Judge

  This is a case brought by Plaintiff to recover damages for personal injuries allegedly sustained on June 28, 2007, when Plaintiff was involved in a motor vehicle accident (the "Accident"). The Accident involved Plaintiff's vehicle and a vehicle owned by Defendant Webster Trucking Corporation that was being operated by Defendant Jan Szadura. This case was commenced in the Supreme Court of the State of New York, County of Suffolk, and was thereafter removed, on the basis of diversity of citizenship, to this court.

Presently before the court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion is based on the argument that Plaintiff will be unable to show, at trial, that she suffered a "serious injury" within the meaning of Section 5102(d) the New York State Insurance Law (the "No Fault Statute").

## DISCUSSION

I. <u>The No Fault Statute</u>

The No Fault Statute (the "Statute") allows a plaintiff to recover in litigation commenced for personal injuries sustained in a motor vehicle accident only if the plaintiff has suffered a "serious injury" within the meaning of the Statute. See Tsveitel v. Geoghegan, 2009 WL 2182379 *3 (E.D.N.Y. 2009). The purpose of the Statute is to "significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium." Lopez v. Senatore, 494 N.Y.S.2d 101, 102 (1985), quoting, Licara v. Elliot, 455 N.Y.S.2d 570, 573 (1982). As stated by the New York Court of Appeals, the Statute "provides a compromise: prompt payment for basic economic loss to injured persons regardless of fault, in exchange for a limitation on litigation to cases involving serious injury." Pommells v. Perez, 797 N.Y.S.2d 380, 381 (2005).

The Statute defines serious injury as follows:

> a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss or use of a body organ, member, function or system; permanent consequential limitation of a use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately

2

following the occurrence of the injury or impairment.

N.Y. Ins. L. § 5102(d).

While certain provisions of the Statute's definition of "serious injury" are easily interpreted, those provisions defining serious injury as constituting either "permanent consequential limitation of a use of a body organ or member" or "significant limitation of use of a body function or system" can be difficult to apply. See Pommells, 797 N.Y.S.2d at 383 (referring to "vexing" nature of defining serious injury in the context of soft tissue injuries involving complaints of pain that are difficult to observe of quantify). Nonetheless, the Court of Appeals has made clear that the serious injury issue presents a question of law, amenable, under the proper circumstances, to disposition in the context of a motion for summary judgment. Licara, 455 N.Y.S.2d at 573-74 (rejecting argument that serious injury question is "always a question of fact").

II.     The Medical Evidence

Plaintiff's medical records reveal that she was treated at a hospital emergency room immediately following the Accident. Tests performed at that time revealed no fracture or dislocation, and Plaintiff was discharged and advised to follow up with her physician. Plaintiff was thereafter treated by a medical doctor and a chiropractor, for complaints of back, neck and shoulder pain. Results of tests submitted by Plaintiff's treaters reveal limitations to Plaintiff's cervical and lumbar spine ranges of motion. Plaintiff's treating physicians describe Plaintiff as having continuing physical pain and limitations on her range of motion. Additionally, Plaintiff's physicians state that she suffers from cervical and lumbar radiculopathy with bulging and herniated discs. She is described as "partially disabled 75-99%."

3

Defendants note that Plaintiff testified at her deposition that she missed only two weeks of work following the Accident. Specifically, Plaintiff went to work for the week immediately following the Accident, but was thereafter advised by her physician to take a disability leave for a two week period. In support of the motion, Defendants rely on the report of their independent medical neurologist which states that Plaintiff shows no evidence of permanent or significant neurological injury.

III. Disposition of the Motion

Plaintiff here does not complain of any injury resulting in dismemberment; significant disfigurement; a fracture; loss of a fetus, or a permanent loss or use of a body organ, member, function or system. The issue, then, is whether there is a question of fact as to whether the Accident resulted in: (1) a permanent consequential limitation of a use of a body organ or member; (2) significant limitation of use of a body function or system, or (3) a medically determined injury or impairment of a non-permanent nature that prevented Plaintiff from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately following the occurrence of the injury or impairment.

At the outset, it is clear that Plaintiff's testimony regarding her return to work reveals that she cannot satisfy the last-quoted sub-section the Statute, which requires Plaintiff to show that she was prohibited "from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately following the occurrence of the injury or impairment." N.Y. Ins. L. § 5102(d). Her return to work and testimony make clear that Plaintiff cannot satisfy this portion of the Statute.

4

The court turns to consider, then, whether there is a question of fact as to whether Plaintiff has suffered: (1) a permanent consequential limitation of a use of a body organ or member, or (2) significant limitation of use of a body function or system. As noted, it is interpretation of these sections that are most difficult to apply. The Court of Appeals has made clear, however, that certain standards govern the court's application of these sections.

In the context of a motion for summary judgment, the Court of Appeals has made clear that the burden falls first on the moving party to come forward with evidence establishing a prima facie case that the plaintiff's injury does not meet the statutory definition. Linton v. Nawaz, 879 N.Y.S.2d 82, 86 (1st Dept. 2009); see Gaddy v. Eyler, 582 N.Y.S.2d 990, 956-57 (1992). The burden then shifts to the plaintiff to come forward with evidence presenting a question of fact as to this issue. Gaddy, 582 N.Y.S.2d at 956-57. An allegation of serious injury must be supported by objective evidence and "subjective complaints alone are not sufficient." Toure v. Avis Rent A Car Systems, Inc., 746 N.Y.S.2d 865, 868 (2002); see Copeland v. Kasalica, 775 N.Y.S.2d 276, 277 (1st Dep't. 2004). An expert's designation of a percentage of loss in range of motion can satisfy the objective evidence requirement. See Tsveitel, 2009 WL 2182379 *5.

Even where there is objective evidence of injury, summary judgment in favor of a defendant may still be appropriate because of a failure to show causation between an accident and plaintiff's injury. Specifically, "additional contributory factors" may interrupt the chain of causation. Such factors include a possible "gap in treatment, an intervening medical problem or a preexisting condition." Pommells, 797 N.Y.S.2d at 380; see, e.g., Kovacev v. Ferreira Bros. Contracting, Inc., 779 N.Y.S.2d 204, 205 (1st Dep't. 2004)(affirming holding that plaintiff did not suffer serious injury for lack of causation where evidence showed injury was due to pre-

existing degenerative changes rather that trauma from accident).

Upon consideration of the parties' submissions, in support of and in opposition to the motion, and in light of the legal standards outlined above, the court concludes that genuine issues of material fact exist that preclude the entry of summary judgment with respect to Plaintiff's claim of serious injury. Specifically, the medical evidence before the court precludes this court from making a determination at this time. In light of the presence of this issue of material fact, Defendant's motion for summary judgment must be denied. See Fed. R. Civ. P. 56(c) (party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law."); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987).

The denial of summary judgment is without prejudice to renewal at the close of the Plaintiff's case. Additionally, the courts notes that the denial of the motion does not preclude Defendants from making any appropriate argument at trial as to the admissibility of any expert report. Those matters will be determined by the court at trial of this matter.

## CONCLUSION

Defendants' motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion.

SO ORDERED.

_____
LEONARD D. WE____R
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
August 10, 2009